NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0381n.06
Filed: May 30, 2006

No. 05-5340 / 5348

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

 **Plaintiff-Appellee,**

v.

JOSE GONZALES
and VICTORIO MADRIGAL,

 **Defendants-Appellants.**

ON **APPEAL** FROM THE
UNITED STATES DISTRICT
COURT FOR THE
EASTERN DISTRICT OF
KENTUCKY

**O P I N I O N**

BEFORE: SILER and ROGERS, Circuit Judges; JORDAN, Senior District Judge.[*]

 **LEON JORDAN, District Judge.** Codefendants Jose Gonzales and Victorio Madrigal appeal from their cocaine possession, distribution, and conspiracy convictions. Gonzales argues that the district court erred by not, *sua sponte*, requiring an audio recording of his Spanish-speaking trial interpreter. Madrigal contends that the district court erred in denying his motion for judgment of acquittal. For the reasons that follow, appellants' convictions are affirmed.

---

 [*] The Honorable R. Leon Jordan, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

I.

On October 7, 2004, a federal grand jury returned a thirteen-count superseding indictment against Gonzales, Madrigal, Filadelfo Vargas, Carlos Ortega, and Raul Alfaro. Count one of the indictment charged the present appellants with conspiring to distribute and to possess with the intent to distribute 500 grams or more of cocaine between January 12 and June 7, 2004, in violation of 21 U.S.C. § 846; counts five and six (Gonzales) and count eight (Madrigal) charged appellants with distributing cocaine in violation of 21 U.S.C. § 841(a)(1); and count eleven charged appellants with possessing with the intent to distribute 500 grams or more of cocaine on June 7, 2004, in violation of 21 U.S.C. § 841(a)(1).

Vargas, Ortega, and Alfaro subsequently entered guilty pleas. Gonzales and Madrigal went to trial and were convicted on all counts. A Spanish-speaking interpreter was utilized at trial. Gonzales did not move for a recording of the interpreter, although he would have been permitted by the Court Interpreters Act to so move.

II.

The instant prosecutions followed a six-month series of undercover cocaine purchases at A's De Oro Bar (also called the Bradshaw Street Bar) in Shelbyville, Kentucky. A confidential informant purchased cocaine from Gonzales on February 23, 2004. On

February 28, 2004, the informant purchased additional cocaine from Vargas, who then "signaled" for Gonzales to retrieve the drugs from behind the bar.

On March 8, 2004, the informant purchased two ounces of cocaine, packaged in clear sandwich bags, from Madrigal, who counted the purchase money and stuck it in his pocket. This transaction began with the informant asking Madrigal "if he had some merchandise for me," to which Madrigal responded in the affirmative. The informant made a purchase from Vargas the previous day. Madrigal's car was in the A's De Oro parking lot at the time.

The final buy took place on June 7, 2004. The informant and an undercover officer arranged to purchase 1.5 kilos of cocaine from Vargas. Vargas again "signaled," or gestured with his hand, for Gonzales and Madrigal to retrieve the drugs. The appellants then left A's De Oro together in a pickup truck and returned with the cocaine in a detergent box. Gonzales was the driver. After appellants returned with the drugs, Madrigal slowly walked away from the truck and was not seen actually touching the detergent box.

III.

Gonzales argues that the district court erred by not, *sua sponte*, requiring a recording of his Spanish-speaking interpreter at trial. Because of this alleged error, Gonzales contends that now "a post-trial review of the entire record cannot be made to check for potential errors, thus violating the Appellant's right to a fair trial and due process." Going

one step further, Gonzales's counsel at oral argument stated that a recording should always be required as a matter of public policy.

According to Gonzales, we must review his appeal *de novo*. He is incorrect. Because Gonzales did not move for a recording, and because he did not object to the absence of a recording, this court reviews for plain error. *See United States v. Camejo*, 333 F.3d 669, 672 (6th Cir. 2003); *United States v. Markarian*, 967 F.2d 1098, 1104 (6th Cir. 1992). "The plain error doctrine mandates reversal only in exceptional circumstances and only where the error is so plain that the trial judge and prosecutor were derelict in countenancing it." *United States v. Slone*, 833 F.2d 595, 598 (6th Cir. 1987) (citations and quotations omitted).

The Court Interpreters Act provides in material part that

> *[u]pon the motion of a party*, the presiding judicial officer shall determine whether to require the electronic sound recording of a judicial proceeding in which an interpreter is used under this section. In making this determination, the presiding judicial officer shall consider, among other things, the qualifications of the interpreter and prior experience in interpretation of court proceedings[,] whether the language to be interpreted is not one of the languages for which the Director [of the Administrative Office of the United States Courts] has certified interpreters, and the complexity or length of the proceeding.

28 U.S.C. § 1827(d)(2) (emphasis added).

Trial courts are allowed broad discretion in interpreter-related decisions. *See Markarian*, 967 F.2d at 1104. None of the § 1827(d)(2) considerations (qualification, certification, and experience of the interpreter, or the complexity and length of trial) appear

relevant in this case. Gonzales himself concedes: that he "cannot raise any instances where there were problems that harmed the Appellant"; that "the interpreters appeared to be competent"; and that there is "an assumption that no mistakes were made, because none seemed apparent." Again, Gonzales neither requested a recording of the interpreter nor objected to the lack thereof.

Gonzales's position may be to some extent alluring from a public policy standpoint. Legally, however, the position is without merit. Section 1827(d)(2) is written in discretionary, not mandatory, terms. Gonzales has not even suggested a problem with the quality or effectiveness of his interpreter, or any other consideration that should have caused the district court to exercise its broad discretion to order a recording. The belated argument that mistakes occur and "could have been made" in this case is simply not enough to demonstrate error, plain or otherwise.

## IV.

At the close of the government's case, appellant Madrigal moved for a judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure. The motion was denied. Madrigal now challenges the denial of his motion only as it pertains to counts one (conspiracy to possess and distribute at least 500 grams of cocaine) and eleven (possession with intent to distribute at least 500 grams of cocaine).

An appellant claiming insufficiency of the evidence "bears a heavy burden."

*United States v. Maliszewski*, 161 F.3d 992, 1005 (6th Cir. 1998). This panel reviews *de novo* the denial of a Rule 29 motion, determining

> "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). The *Jackson* standard requires us to view both circumstantial and direct evidence in a light most favorable to the prosecution. *United States v. Hofstatter*, 8 F.3d 316, 324 (6th Cir. 1993) . . . . "Circumstantial evidence alone, if substantial and competent, may support a verdict and need not remove every reasonable hypothesis except that of guilt." *[United States v.] Talley*, 194 F.3d at 765 (quoting *United States v. Keeton*, 101 F.3d 48, 52 (6th Cir. 1996)).

*United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002) (emphasis in original). A reviewing court does not weigh evidence, assess witness credibility, or substitute its judgment for that of the jury. *United States v. Wright*, 16 F.3d 1429, 1440 (6th Cir. 1994).

The district court explained its denial of Madrigal's motion as follows:

> Applying the same standards that – as set forth in *Jackson v. Virginia*, on March 8th, 2004, Mr. Vargas told the confidential informant to purchase – to pick up the cocaine that he had arranged to buy from the bartender there at the bar on Bradshaw Street.
>
> That bartender provided [the informant] with the cocaine as planned and took the money that was to be paid for it.
>
> And that bartender was Mr. Madrigal which I believe is sufficient to go forward both on the conspiracy and the distribution count.
>
> On [June] 7th, Mr. Vargas arranged with the confidential informant to buy [a] kilo and a half, give or take, of cocaine and the truck that was carrying what

> turned out to be the cocaine was driven by – I can't remember who drove and who was the passenger.

> But in either case, Mr. Gonzalez [sic] and Mr. Madrigal were in that truck that brought it back.

> So I think there is sufficient evidence on both to go to the jury.

To establish guilt on the conspiracy count, the government was required to prove Madrigal's: (1) agreement to violate drug laws; (2) knowledge and intent to join the conspiracy; and (3) participation in the conspiracy. *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001). The agreement need not have been formal. *Id.* at 447. "Although mere presence at the crime scene is insufficient to show participation, a defendant's participation in the conspiracy's common purpose and plan may be inferred from the defendant's actions and reactions to the circumstances." *Id.* "[T]he connection between the defendant and the conspiracy need only be slight, and the government is only required to prove that the defendant was a party to the general conspiratorial agreement." *Id.*

As for the charge of possession with intent to distribute, the government was required to prove that Madrigal: (1) knowingly; (2) possessed a controlled substance; (3) with the intent to distribute. *United States v. Gibbs*, 182 F.3d 408, 424 (6th Cir. 1999). Possession may be constructive, which "requires that a person knowingly have power and

intention to exercise control over an object," and may be shown by circumstantial evidence. *Id.* (citation omitted).

We conclude, for the reasons articulated by the district court, that a rational trier of fact could find the essential elements of each crime beyond a reasonable doubt. Madrigal, at Vargas's direction, participated in the retrieval of 1.5 kilos of cocaine on June 7, 2004. Madrigal's March 8 sale of a lesser amount of drugs evidences his knowledge of, and participation in, the enterprise. Again, possession may be constructive, "the connection between the defendant and the conspiracy need only be slight, and the government is only required to prove that the defendant was a party to the general conspiratorial agreement." *Salgado*, 250 F.3d at 447.

## V.

The district court erred neither as to the interpreter recording nor as to Madrigal's motion for judgment of acquittal. We therefore **AFFIRM** both appellants' convictions.